MUCHNICK v. PENNSYLVANIA GLOBE GASLIGHT CO. (Circuit Court, E. D. Pennsylvania. December 7, 1900.) No. 56. On Motions for Judgment Non Obstante Veredicto and for a New Trial. Henry W. Scarborough, for plaintiff. Thomas D. Finletter, for defendant.

DALLAS, Circuit Judge. This action was brought to recover for personal injuries suffered by the plaintiff in consequence, as alleged, of the defendant's negligence. Upon the trial the court reserved the point: "Whether there is any evidence to go to the jury in support of the plaintiff's claim." Subject to this reservation, a verdict was rendered for the plaintiff; and the defendant now moves for judgment in its favor notwithstanding that verdict, and also for a new trial. These motions have been considered together. They both present the same questions, viz.: Whether there was any, or sufficient, evidence of negligence on the part of the defendant to support the verdict; and whether, if there was, that negligence was adequately shown to have been the proximate cause of the plaintiff's injury. These questions are not to be answered with reference merely to the opinion of the trial judge respecting the weight of the evidence. They were submitted to the jury, with instructions concerning them which, it seems to be conceded, were as favorable to the defendant as they could properly be made, and I am unable to sustain the contention that they should not have been submitted at all. I cannot say that it was impossible for 12 reasonable men to find, upon the evidence adduced, the verdict which was rendered; and, this being so, the court would not be justified in setting it aside. Therefore, the defendant's motions for judgment non obstante veredicto and for a new trial must both be denied; and it is so ordered.

STONESIFER v. GETTYSBURG WATER CO. MYERS v. SAME. (Circuit Court, E. D. Pennsylvania. December 14, 1900.) Nos. 115, 116. On Motions for New Trial. W. C. Sheely, McClean & McClean, and Beck, Robinson & Kane, for plaintiffs. John B. McPherson, J. J. De Kinder, and Rudolph M. Schick, for defendant.

J. B. McPHERSON, District Judge. It is, I think, beyond doubt that these verdicts are too large. The plaintiffs, who were of course bound to prove how much damage they had sustained, offered no evidence that would justify an award of $1,000 in each case. Obviously, as they had each put in a steam plant to assist in operating his mill, each plaintiff was entitled to recover no more than the cost of supplying by steam so much of the water power as the defendant had withdrawn from the creek. To this point the testimony was directed, but under no possible view of the evidence could such cost reach the amount fixed by the jury. Assuming, as I must, that the evidence thus far produced presented fully the plaintiffs' case, I should feel it my duty to set aside any verdict based upon that evidence, if it exceeded the sum of $300 in each case. Indeed, this is an extreme estimate of the amount that might be allowed to stand. It is therefore ordered that, if the plaintiff in each case, on or before January 15, 1901, remits so much of the verdict as exceeds $300, the motion for a new trial will be overruled, and judgment will be entered on the verdict. If no remittitur is entered, the clerk will make an entry in each case that a new trial is granted.